**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAM HOUT, | No. 08-56380 |
| Plaintiff - Appellant, | D.C. No. 8:06-cv-00773-VBF-RNB |
| v. | |
| THOMAS J. VILSACK,* Secretary, Department of Agriculture; et al., | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 5, 2010***

Before:      RYMER, McKEOWN, and PAEZ, Circuit Judges.

---

        *        Thomas J. Vilsack is substituted for his predecessor, Edward T. Schafer, as Secretary of Agriculture, pursuant to Fed. R. App. P. 43(c)(2).

        **        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        ***        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)

Sam Hout appeals pro se from the district court's judgment in his action alleging discrimination, breach of contract, and tort claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on the national origin and age discrimination claims because Hout failed to raise a triable issue as to whether the Department of Agriculture's legitimate and nondiscriminatory reason for not hiring him into a permanent position was pretext for discrimination. *See Leong v. Potter*, 347 F.3d 1117, 1124-25 (9th Cir. 2003) (affirming summary judgment on Title VII claims where the plaintiff did not raise a triable issue as to whether the employer's legitimate, nondiscriminatory reason for the adverse employment action was pretext for discrimination); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994) (stating that the standard for analyzing Title VII discrimination claims applies to claims under the Age Discrimination in Employment Act).

The district court properly dismissed the nondiscrimination claims as time-barred. *See* 28 U.S.C. § 2401.

**AFFIRMED.**

08-56380